# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARNELL BROWN,

    Plaintiff,

v.

    Case No.  2:14-cv-14350
    District Judge Matthew F. Leitman
    Magistrate Judge Anthony P. Patti

NICOLE CARTER, *et al.*,

    Defendants.

_____/

## **ORDER**

Plaintiff Darnell Brown, who is proceeding without the assistance of counsel, filed his Complaint and application to proceed without prepayment of fees on November 12, 2014, asserting claims under Title VII.  (DE 1, 2.)  On November 13, 2014, the Court granted Plaintiff's application and directed the United States Marshal to effect service over Defendants Nicole Carter, Pellumb Sulaj, and Dushna Popovski.  (DE 4.)  To date, only Defendant Sulaj has been served and appeared in the case.

On January 21, 2015, Defendant Sulaj, who is also proceeding without the assistance of counsel, filed his Answer to Plaintiff's Complaint.  (DE 12.)  Defendant Sulaj, however, neglected to serve a copy of his Answer on Plaintiff.

1

On February 5, 2015, Plaintiff filed a Response to Defendant's Answer, indicating that the Answer was "without merit" because it was not properly served. (DE 13.) In addition, Plaintiff disputes the information contained in Defendant Sulaj's Answer and provides screenshots of text messages between Plaintiff and Defendant Sulaj. (Id.) On March 6, 2015, Defendant Sulaj filed an Answer to Plaintiff's Motion for Discovery, in which he asks the Court to deny Plaintiff's Motion and sanction Plaintiff for filing a frivolous motion. (DE 14.) Defendant Sulaj also includes a "Proof of Service," indicating that he mailed a copy of the instant Answer to Plaintiff. (Id.) A review of the Court's docket, however, indicates that Plaintiff did not file a Motion for Discovery. As best as the Court can discern, Plaintiff either served a Motion on Defendant Sulaj without filing it with the Court or Defendant Sulaj is responding in some way to Plaintiff's Response to Defendant's Answer.

    This matter is before the Court for consideration of the various filings and deficiencies in this case to date. As a preliminary matter, all parties before the Court are required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan.

    First, it appears that Defendant Sulaj did not serve a copy of his Answer on Plaintiff, in violation of Federal Rule of Civil Procedure 5(a) and Eastern District of Michigan Local Rule 5.1.1(b). Rule 5(a) requires that pleadings filed after the

complaint, as well as any written motion, must be served on all other parties unless the Court orders otherwise. Fed. R. Civ. P. 5(a)(1)(B) &(D). Here, Defendant Sulaj did not include a proof of service on his Answer and Plaintiff was not aware that Defendant Sulaj filed his Answer until he called the Clerk of Court. However, the Court holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Furthermore, Defendant Sulaj's later filing contained a Proof of Service, thereby indicating that he now understands this requirement. (DE 14.) Accordingly, for purposes of making clear that Defendant Sulaj is on notice of the requirement to serve pleadings and of the necessity of filing proofs of service with the Court, the Court will not strike Defendant Sulaj's Answer. (DE 12.) The Court will strike any future pleadings or motions that fail to comply with the service requirement.

Second, Plaintiff's "Response to Defendant[']s Answer" is improper under the Federal Rules. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, a party may file a reply to an answer only when the court orders such a reply. Fed. R. Civ. P. 7(a)(7). The Court ordered no such pleading in this case. However, because Plaintiff's Reply was filed to notify the Court that Defendant Sulaj failed to serve him with a copy of his Answer, the Court will not strike Plaintiff's improperly-filed Response. (DE 13.) Any future Responses to Defendants' Answers, however, will be stricken as improper.

3

Finally, the Court will strike Defendant Sulaj's Answer to Plaintiff's Motion for Discovery. (DE 14.) There is no Motion for Discovery filed on the Court's docket. In addition, the Court has not yet held a scheduling conference with the parties to address the scope of discovery and deadlines. Pursuant to Federal Rule of Civil Procedure 26(C), discovery may not begin until after the Court's scheduling conference. When all of the Defendants are served and have appeared, the Court will hold such a scheduling conference. Furthermore, pursuant to Local Rule 26.2, a party may only file discovery material, including requests for discovery, in limited circumstances which do not exist in this case. Accordingly, Defendant Sulaj's Answer to Plaintiff's Motion for Discovery will be **STRICKEN**. (DE 14.) The parties are instructed to comply with the Federal Rules of Civil Procedure and the Local Rules for all future discovery issues.

**IT IS SO ORDERED.**

Dated: March 16, 2015                     s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 16, 2015, electronically and/or by U.S. Mail.

> s/Michael Williams
> Case Manager for the
> Honorable Anthony P. Patti
> (313) 234-5200