UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN,

    Plaintiff,

v.

Case No.  4:14-cv-14350
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

NICOLE CARTER, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS CARTER AND POPOVSKI FOR FAILURE TO TIMELY EFFECT SERVICE

**I.**  **RECOMMENDATION**:  The Court should dismiss without prejudice Plaintiff's claims against Defendants Nicole Carter and Dushna Popovski for failure to effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**II.**  **REPORT**

    **A.  Background**

Plaintiff Darnell Brown, who is proceeding without the assistance of counsel, filed his Complaint and application to proceed without prepayment of fees on November 12, 2014, asserting claims under Title VII.  (DE 1, 2.)  On November

13, 2014, the Court granted Plaintiff's application and directed the United States Marshal to serve Defendants Nicole Carter, Pellumb Sulaj, and Dushna Popovski at City Hall Coney Island, 10617 W. Jefferson, MI, 48213. (DE 4.) To date, only Defendant Sulaj has been served and appeared in the case. The summonses were returned unexecuted as to Defendants Carter and Popovski. (DE 16 and 17.)

On March 27, 2015, the Court issued a Show Cause Order requiring Plaintiff to show cause as to why he failed to serve Defendants Carter and Popovski in the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. (DE 18.) The Court directed Plaintiff to provide additional addresses for these Defendants and to propose a "reasonable and conservative extended timeline for service," in the event that it chose to permit an extension and order further action by the U.S. Marshals Service. The Court cautioned Plaintiff that failure to provide good cause would result in a Report and Recommendation that his claims against Defendants Carter and Popovski be dismissed.

Plaintiff timely replied, but did not provide additional addresses or ask for an extension for the time in which to effect service. (DE 19.) Instead, Plaintiff indicates that he "cannot serve the other Defendants in this case" and that he is "unable" to do so, despite making a diligent effort to find their addresses. Plaintiff instead asks the Court to proceed with the case against only Defendant Sulaj. No further explanation is provided.

### B. Analysis

Federal Rule of Civil Procedure 4(m) provides in relevant part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, more than 120 days have lapsed since Plaintiff's November 12, 2014 Complaint. The Court provided Plaintiff with notice of the service deficiency in its March 27, 2015 Show Cause Order. In his Response, Plaintiff indicates that he is unable to serve Defendants Carter and Popovski and asks that his claims proceed against Defendant Sulaj. The Undersigned therefore **RECOMMENDS** that the Court dismiss **WITHOUT PREJUDICE** Plaintiff's claims against Defendants Carter and Popovski for failure to timely effect service. The Undersigned further recommends that Plaintiff's case proceed against only Defendant Sulaj, the one Defendant who has been served and has appeared in the case.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 7, 2015           s/Anthony P. Patti
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 7, 2015, electronically and/or by U.S. Mail.

                s/Michael Williams
                Case Manager for the
                Honorable Anthony P. Patti
                (313) 234-5200