UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN,

       Plaintiff,

                                      Case No. 4:14-cv-14350

v.                                         Magistrate Judge Anthony P. Patti

NICOLE CARTER, *et al.*,

       Defendants.

_____/

## **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS (DE 26)**

        This matter is before the Court for consideration of Plaintiff Darnell Brown's motion for sanctions. (DE 26.) In his motion, Plaintiff asks the Court to impose sanctions on Defendant Pellumb Sulaj for failing to disclose the identity of a purported co-owner of his business during the court's May 28, 2015 status conference. Plaintiff indicates that he has been injured by Defendant's failure to disclose because he is unable to amend his complaint without the information.

        Although Plaintiff does not cite to a rule under which sanctions are appropriately brought, the Court will construe this as a motion under Federal Rule of Civil Procedure 16(f), as the events giving rise to his motion occurred at the

parties' scheduling conference. Rule 16(f) provides that the Court "*may* issue any just orders . . . if a party or its attorney . . . does not participate in good faith" in the scheduling conference. Fed. R. Civ. P. 16(f).

Here, Plaintiff's motion must be denied for two reasons. First, it is not clear that Defendant failed to participate in good faith at the scheduling conference. The Court did not ask Defendant to provide specific information about the tax structure of his business. Defendant indicated that he was the sole owner of his business and that the business was incorporated. Nothing in Plaintiff's motion contradicts Defendant's representations. Second, Plaintiff has not suffered prejudice as a result of the confusion over the individual paying taxes on Defendant's business. *See, e.g., Roe v. Nano Gas Tech., Inc.*, No. 14-cv-13790, 2015 WL 1952283, at *8 (E.D. Mich. Apr. 29, 2015) (declining to award sanctions where the moving party could not show prejudice). At the May 28, 2015 scheduling conference, the Court required the parties to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i)-(iii) on or before June 28, 2015. (DE 25.) The court set July 28, 2015 as the due date for amended pleadings. Plaintiff is therefore still free to amend his complaint as he sees fit. Moreover, Plaintiff is free to seek further information about the business, if discoverable, through the litigation process, and may avail himself of the procedures set forth in Federal Rule of Civil Procedure 15 after July 28, 2015, if appropriate.

Accordingly, Plaintiff's motion for sanctions is **DENIED WITHOUT PREJUDICE**. (DE 26.) The parties are cautioned that they are required to be forthright in all dealings with the Court and must abide by the principles outlined in the Civility Appendix (No. 08-AO-009) to the Local Rules.

**IT IS SO ORDERED.**

Dated: June 3, 2015                                  s/Anthony P. Patti
                                                     Anthony P. Patti
                                                     UNITED STATES MAGISTRATE JUDGE