UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BROWN,

        Plaintiff,

                                  Case No.  4:14-cv-14350

v.                             Magistrate Judge Anthony P. Patti

NICOLE CARTER, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR IMMEDIATE CONSIDERATION (DE 29)

Plaintiff Darnell Brown, who is proceeding without the assistance of counsel, filed a document titled "Motion for Immediate Consideration" on July 6, 2015.  (DE 29.)  In his motion, he asserts that Defendant failed to respond to his discovery requests by the discovery cut-off date of June 29, 2015 and asks the Court to: 1) sanction Defendant in the amount of $3,000 for prejudicing Plaintiff and making him unable to amend his complaint; and 2) order Defendant to produce the requested discovery.  Defendant, who is now represented by counsel, timely responded to the motion on August 17, 2015, arguing that he has complied with all of Plaintiff's reasonable requests for discovery and asserting that Plaintiff is engaging in a "fishing expedition" for irrelevant items.  (DE 38.)  In addition,

Defendant contends that Plaintiff has not been prejudiced as a result of the

discovery issues because he may file a motion to amend his pleadings at any time.

On August 19, 2015, Plaintiff filed his reply, in which he again argues that

Defendant has not complied with his discovery requests and clarifies that he needs

the requested discovery in order to properly amend his complaint.  (DE 40.)  In

addition, he attaches as an exhibit the discovery requests he has made upon

Defendant, and to which he asserts Defendant has not provided any responses.  (Id.

at ¶ 2.)

Because the purpose of Plaintiff's motion appears to be to compel Defendant

to provide discovery requests, the Court will construe Plaintiff's motion as a

motion to compel pursuant to Federal Rule of Civil Procedure 37.  Pursuant to

Rule 37(a), a party may move for an order compelling disclosure or discovery

where the opposing party has failed to 1) make a disclosure required by Rule 26(a)

or 2) provide a discovery response. Fed. R. Civ. P. 37(a)(3).

As a preliminary matter, Plaintiff misstates the discovery deadline in his

motion.  The Court required the parties to exchange initial disclosures pursuant to

Rule 26(a)(1)(A)(i)-(iii) on or before June 28, 2015.  (DE 25.)  The discovery

period ends on January 28, 2016.  The Court did not, as Plaintiff suggests, tell the

parties that "all discovery had to be completed by June 29, 2015."  (DE 29 at ¶ 2.)

It thus appears that Plaintiff is confusing the initial disclosures required under Rule 26(a)(1)(A)(i)-(iii) with the remainder of the discovery period.

The initial disclosures required by the Court to be exchanged on or before July 28, 2015 are the following:

> **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> **(ii)** a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> **(iii)** a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii).  A review of the discovery requests Plaintiff filed as exhibits to his reply demonstrate that the requests at issue are <u>not</u> items subject to initial disclosure.  For example, Plaintiff seeks the production of a video recording of the restaurant from June 2014 and notes written by a non-party employee concerning Plaintiff.  In addition, he propounds interrogatories related to cash transactions in the restaurant, the sexual harassment alleged in Plaintiff's complaint, and Defendant's interactions with Plaintiff's wife and children.  (DE 40

at 3-7.)  Accordingly, from the information Plaintiff has provided, Defendant has not violated the Court's order by failing to provide initial disclosures by the deadline and the Court declines to impose any sanctions.

It appears that, instead, the parties are having a discovery dispute.  The Court has not been provided with sufficient information, however, to adjudicate such a dispute.  For example, while Defendant asserts that he will respond to any requests the Court deems necessary, it is not clear which responses have not been addressed.  It is also unclear to the Court whether either side has provided initial disclosures pursuant to Rule 26.  Furthermore, Plaintiff contends that the information sought in his discovery requests is relevant, but does not describe how or to which claim.  Accordingly, Plaintiff's motion is **DENIED** without prejudice to refiling a motion that complies with Rule 37, E.D. Mich. LR 37.1, and my practice guideline titled "Discovery."  (DE 29.)  **However, the parties are cautioned that they are expected to work collaboratively throughout the discovery process and attempt to resolve any differences <u>before</u> bringing those issues to the Court for disposition.**

**IT IS SO ORDERED.**

Dated: August 28, 2015          s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

4

I hereby certify that a copy of the foregoing document was sent to parties of record on August 28, 2015, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti